# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

_____

**KAREN M. KENNEY,**

       Plaintiff,            Case No.:

*-vs-*                                   Honorable:

**ASPEN TECHNOLOGIES, INC.,**
a domestic profit corporation,

       Defendant.
_____/

BURGESS, SHARP, & GOLDEN, PLLC
Attorneys for Plaintiff
Heidi T. Sharp (P69641)
BY:  Syeda F. Davidson (P 72801)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
syeda@bsglawfirm.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Karen M. Kenney ("PLAINTIFF"), through her attorneys at Burgess, Sharp, & Golden, PLLC, states the following for her Complaint against Aspen Technologies, Inc., ("DEFENDANT"):

1. Defendant is a corporation incorporated in Michigan that does business throughout the State of Michigan.

2. At all relevant times, Plaintiff was an employee of Defendant.

3. The events giving rise to this cause of action occurred in the City of Brighton, in the County of Livingston, in the State of Michigan.

4. This Court has jurisdiction under Title VII of the Civil Rights Act of 1964, and pendant jurisdiction over state law claims under 28 USC 1367(a).

## General Allegations

5. Plaintiff first worked for Defendant between 2003 and 2007.

6. The first time that Plaintiff worked for Defendant, she managed operations and supervised the plant floor. For a short time, she was responsible for human resources.

7. In April of 2015, Defendant recruited Plaintiff to return to its employ.

8. Plaintiff was re-employed by Defendant as an operations manager, and, with the exception of human resources, she was responsible for the same duties that she had previously been responsible for.

9. In May of 2015, Defendant advertised that it was hiring hourly employees.

10. Plaintiff noticed that Defendant was not getting a good response to the job posting, and asked April Jewell ("JEWELL"), the human resources manager, why the response was not good.

11. Jewell told Plaintiff that they were having a hard time because there was a limited number of people to pull from.

12. Plaintiff asked Jewell where the positions were being advertised, to which Jewell responded that they were only being advertised in Livingston and Oakland Counties.

13. Plaintiff asked Jewell why the position was not posted in Detroit or Flint, and Jewell advised Plaintiff that Ken Beethem ("BEETHEM"), Defendant's President, did not like the demographic of people who resided in Detroit or Flint.

14. When Plaintiff pressed Jewell to find out what she meant by this, Jewell advised her that she specifically meant African-American people.

15. Plaintiff responded by telling Jewell that this was illegal.

16. Plaintiff went to Keith Quinn ("QUINN"), the Defendant's general manager, to discuss the conversation that she had with Jewell. Quinn confirmed that Beethem did not like African-American people.

17. Plaintiff told Quinn that she believed that this hiring practice was illegal.

18. On July 31, 2015, Beethem terminated Plaintiff's employment, advising that this was due to "changes in the management structure and [Defendant's] corporate goals."

### COUNT I – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff incorporates all preceding paragraphs by reference.

20. Defendant retaliated against Plaintiff for having complained about Defendant's discriminatory hiring and employment practices as described above.

21. Plaintiff complained to her supervisors and human resources that African-American employees were being treated differently than their similarly-situated counterparts.

22. Plaintiff made complaints to her supervisors and human resources that Defendant's hiring practices discriminated against African-Americans.

23. As a result of Plaintiff's complaints, she was terminated.

24. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights.

25. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered lost wages, lost benefits, loss of future wages, loss of employment opportunities, humiliation and embarrassment, mental and emotional distress, and the loss of the ordinary pleasures of everyday life.

## COUNT II – RETALIATION IN VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT

26. Plaintiff incorporates the preceding paragraphs by reference.

27. Plaintiff reported Defendant's discriminatory actions against African-American individuals to her supervisors and human resources.

28. As a result of Plaintiff's complaints, she suffered adverse consequences by Defendant, including, but not limited to, termination.

29. Defendant's actions were intentional, in disregard for Plaintiff's rights.

30. As a direct result of Defendant's illegal retaliation, Plaintiff suffered lost wages, lost benefits, loss of future wages, loss of employment opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life.

Plaintiff respectfully requests that this Honorable Court grant whatever legal or equitable relief it finds necessary to compensate Plaintiff for her lost wages, lost benefits, loss of future wages, punitive damages, loss of employment and advancement opportunities, humiliation and embarrassment, mental and emotional distress, and attorney fees and costs.

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, KAREN M. KENNEY, by and through her attorneys, BURGESS SHARP & GOLDEN, PLLC, and hereby makes a demand for a trial by jury in the above-entitled matter.

Dated: April 24, 2017                     Respectfully submitted,

BURGESS SHARP & GOLDEN, PLLC
Attorneys for Plaintiff

By: /s/ Heidi T. Sharp
Syeda F. Davidson, P69641
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@bsglawfirm.com